**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| VOTE.ORG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01776-SEB-MJD |
| | ) | |
| DEBRA CLEAVER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF SUPPORTING MOTION TO DISMISS
FOR IMPROPER VENUE UNDER F.R.C.P 12(b)(3)**

Defendant, Debra Cleaver, through counsel, asks the Court to dismiss Vote.org's civil action for improper venue, under Fed. R. Civ. P. 12(b)(3). Cleaver moves separately for dismissal for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(2) and (6). As an alternative to dismissal for those reasons, Cleaver asks this Court to either (1) dismiss Vote.org's civil action for improper venue or (2) Order that this civil action be transferred to the United States District Court for the Northern District of California.

## I. INTRODUCTION

Vote.org asserts federal claims against Cleaver under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*. and state claims under Indiana common law and Indiana's Crime Victims Relief Act, Ind. Code § 34-24-3-1. As argued *infra*, Vote.org's allegations show that neither the parties to this action nor the conduct upon which it purports to base its claims have a sufficient nexus to this district or to any federal district within Indiana, rendering the exercise of jurisdiction in this district improper. As an alternative to dismissal, if the Court finds that dismissal is not appropriate, Cleaver asks the Court to transfer Vote.org's action to the Northern

District of California, because venue is more appropriate in that district.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for improper venue. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(3), the court "may look beyond the mere allegations of a complaint and need not view the allegations of the complaint as the exclusive basis for its decision." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 808 (7th Cir. 2016). Further, while the court ordinarily assumes the truth of all well-pleaded allegations in the plaintiff's complaint when considering a motion to dismiss, this rule is "less absolute when considering a motion to dismiss under Federal Rule 12(b)(3)." *Id*. at 809. Once a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper in the chosen district. *Robillard v. Knutson*, No. 24-CV-1077, 2025 U.S. Dist. LEXIS 130085, 2025 WL 1895986, at *4 (E.D. Wis. July 9, 2025).

## III. ARGUMENT

Dismissal is appropriate because, as Vote.org alleges in paragraph 25 of its Complaint, Cleaver resides in California, and a substantial portion of the alleged conduct either purportedly occurred outside the state of Indiana and/or was purportedly directed towards other states. Additionally, Vote.org itself is incorporated under the laws of the state of California and the District of Columbia and has its principal place of business in Washington, D.C. (Complaint ¶ 24.) Vote.org's action against Cleaver must be dismissed for improper venue. Alternatively, Vote.org's action should be transferred to the U.S. District Court for the Northern District of California, the federal district court in which venue is more appropriate.

**1. The U.S. District Court for the Southern District of Indiana is an improper venue for this action.**

Under Fed. R. Civ. P. 12(b)(3), a complaint must be dismissed if venue is improper. Indeed, 28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (Emphasis added.) As the U.S. Supreme Court has observed, Section 1406(a) and Rule 12(b)(3) allow dismissal "when venue is 'wrong' or 'improper'," "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws," and so "[w]hether venue is wrong or improper is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co., Inc. v. United States Dist. Court*, 571 U.S. 49, 55 (2013). Section 1391, which governs venue generally, states in pertinent part:

> **(b) Venue in general.** A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or,
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Supreme Court further instructs: "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in Section 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine*, 571 US. at 56. Finally, the Court instructs that "[t]he first two paragraphs of § 1391(b) define the preferred judicial districts for venue in a typical case, but the third paragraph provides a fallback option: If no other venue is proper, then venue will lie in '*any judicial district* in which any defendant is subject to the court's personal jurisdiction.'" *Id.* at 56-57 (emphasis in original); *see also KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013) (referring to 28 U.S.C. § 1391(b)(3) and noting that "[t]his fallback provision applies only when venue is not otherwise proper in any district").

The factual allegations contained in Vote.org's Complaint, when considered in conjunction with the venue requirements of 28 U.S.C. § 1391(b)(1), reveal that the Southern District of Indiana is not the proper federal district court in which this civil action should be brought. First, 28 U.S.C. § 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides." Cleaver is the only defendant in Vote.org's civil action. Vote.org alleges, and Cleaver concedes, that Cleaver "is an individual residing in California." (Complaint ¶ 25.) Because Cleaver does not reside in Indiana, venue in the Southern District of Indiana is improper under § 1391(b)(1).

Venue in the Southern District of Indiana is also improper under 28 U.S.C. § 1391(b)(2). 28 U.S.C. § 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Vote.org's factual allegations span 74 paragraphs. Yet Vote.org alleges Cleaver's conduct to be related to Indiana in only two of

these paragraphs. In paragraph 28, Vote.org alleges that Cleaver "purposefully directed her tortious and unlawful conduct at Indiana" and that she "sent an 'anonymous' letter using Vote.org's name and logo to several residents." In paragraph 64, Vote.org repeats its paragraph 28 allegation about the anonymous letter, alleging again that it "was sent to several recipients in Indiana." In the remaining 72 paragraphs containing factual allegations, Vote.org wholly fails to state anything about conduct occurring in, or property situated in, Indiana. Indeed, Vote.org's other allegations indicate that a substantial part of Cleaver's alleged misconduct occurred somewhere other than in Indiana and that the property at issue in its civil action – Vote.org's marks – was substantially situated elsewhere.

For example, in paragraph 15, Vote.org alleges Cleaver contacted a reporter at a "national news organization" to pitch a "hit piece" against it and that the story was published in the national press. In paragraph 68, Vote.org alleges Cleaver submitted false and defamatory complaints about Vote.org and its CEO to "at least four offices of state Attorneys General" and to the Internal Revenue Service. Vote.org does not allege the Indiana Attorney General to be a recipient of such complaint (although it does allege, in paragraph 70, that the New York Attorney General was a recipient). Vote.org's allegations indicate that Indiana was not a location where a substantial part of Cleaver's alleged misconduct occurred.

As previously noted, Vote.org alleges it is incorporated in California and the District of Columbia and has its principal place of business in Washington, D.C. In paragraph 32, Vote.org alleges it owns the "Vote.org" mark and logo, asserting that it uses both "in connection with various goods, services and mission, including the solicitation of contributions." Vote.org's allegations indicate that the property at issue in its action – its marks – is appropriately considered to be situated in either California or the District of Columbia. In paragraph 35,

Vote.org alleges it "has invested considerable time and money in developing and maintaining the goodwill associated with the Vote.org Marks throughout the United States." In paragraph 4, Vote.org alleges that in 2020 it "led a 50-state get-out-the-vote operation." In paragraph 5, it alleges that in 2024 it "made over 87 million voter outreach touchpoints" and "powered over 40 million visits to its webpage." Vote.org's allegations about where it provides its goods and services and conducts its mission (broadly throughout the United States) and about its use of its marks (in conjunction with these efforts) further support the conclusion that the property at issue in Vote.org's civil action is substantially situated *outside* Indiana.

Finally, 28 U.S.C. § 1391(b)(3) does not apply here, because there *is* a federal district where Plaintiff's Complaint could have otherwise been brought: a district court within California, the state where Vote.org alleges Cleaver resides.

Because none of the three categories set forth in Section 1391 supports venue here in the Southern District of Indiana, "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine*, 571 US. at 56. Accordingly, Defendant asks the Court to dismiss Vote.org's Complaint for improper venue.

**2. If the Court does not determine that dismissal is appropriate, this action should be transferred to the U.S. District Court for the Northern District of California.**

As an alternative to dismissal, 28 U.S.C. § 1406(a) vest the Court with the authority to transfer this action "to any district or division in which it could have been brought." 28 U.S.C. § 1404(a) provides a mechanism by which a party may seek transfer of an action from one district to another on the basis that the district would be a more convenient forum, stating "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Seventh Circuit has observed that "section

1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quotations omitted). "The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." *Id.* at 978. "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Id.*

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Id.* "Other related factors include the location of material events and the relative ease of access to sources of proof." *Id.* "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Id.* "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id.* (internal citations omitted).

The Seventh Circuit has further observed that "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* Significantly, the court in *Research Automation* pointed out that "while the district judge determined that no one element clearly indicated that one forum would be more convenient than the other, the totality of the factors pointed to the transferee's *stronger nexus to the relevant events*. *Id.* at 979 (emphasis added).

Here, the totality of the factors points to the Northern District of California as being the more convenient forum. Vote.org has sued Cleaver as an individual. Vote.org alleges Cleaver to be a resident of California. (Complaint at ¶ 25.) It directed its Summons to Cleaver to San Francisco, California. (Summons, Dkt. 006.) The conduct Vote.org alleges Cleaver to have engaged in can thus reasonably be considered to have originated from her location in San Francisco, California. Vote.org alleges that Cleaver used Vote.org marks broadly, in communications it alleges Cleaver directed to Vote.org's donors and stakeholders, which Vote.org's allegations indicate are located throughout the United States. (*See*, Complaint at ¶¶ 85, 88, and 3-5.) Vote.org similarly alleges that Cleaver directed her allegedly defamatory communications broadly. (*See e.g.*, Complaint at ¶¶ 15 and 66 (to national news organizations), 61 (to a Partner Organization that Vote.org does not allege was located in Indiana), and 68 (to four state Attorneys General and to the Internal Revenue Service). *See, generally*, Complaint ¶¶ 12 (alleging Cleaver directed her communications "in an effort to discourage [Vote.org's] donors, partners, and vendors from continuing to work with the organization") and 3 – 5 (alleging Vote.org's donors and partners number in the millions, in unspecified locations). Under Vote.org's allegations, it appears that the vast majority of witnesses and evidence would likely be located either in California, or somewhere other than in the Southern District of Indiana.

Finally, under Vote.org's own admission it is a large 501(c)(3) non-profit corporation incorporated under the laws of California and the District of Columbia with a principal place of business located in Washington, D.C. It alleges it suffered a loss of at least $10 million in damages from Cleaver's alleged conduct. (Complaint at ¶ 72.) By comparison, Cleaver is an individual. Vote.org's allegations indicate it possesses far greater resources to litigate its action. The disparity between the two parties evidences a need to balance the burdens of litigation by at

least transferring venue to a more convenient forum for Cleaver, one nearer to her place of residence and presumably from which her alleged misconduct originated and that does not require her to defend herself in the Southern District of Indiana.

The other remaining "interest of justice" factors also point to a California district as the proper forum. The factors pertaining to "the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy" weigh overwhelmingly in favor of California. *See Research Automation*, 626 F.3d at 978-979 ("The interest of justice may be determinative."). Thus, even if the Court determines that no one element clearly indicates that California would be a more convenient forum than Indiana, California's substantial nexus with both Vote.org and Cleaver, and with the relevant acts and events, warrants transfer.

For these reasons, venue in the Northern District of California is more appropriate than in the Southern District of Indiana. Accordingly, and to the extent that the Court does not determine dismissal of Vote.org's action to be appropriate, Cleaver respectfully asks the Court to transfer this action to the U.S. District Court for the Northern District of California, under 28 U.S.C. § 1404(a).

## IV. CONCLUSION

For the reasons set forth *supra*, Cleaver asks the Court to dismiss Vote.org's civil action for improper venue. Alternatively, and to the extent that the Court determines dismissal of Vote.org's action is not warranted, Cleaver asks the Court to transfer Vote.org's action to the U.S. District Court for the Northern District of California, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/ Justin G. Hazlett

Justin G. Hazlett
Attorney No. 22046-49
justin.hazlett@wilsonelser.com
Thomas J. Flynn
Attorney No. 35642-71
thomas.flynn@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
301 Pennsylvania Parkway
Suite 210
Indianapolis, IN 46280
(317) 908-8916 (tel)
(317) 660-2357 (fax)

Certificate of Service

I certify that on November 17, 2025 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also served on the following parties via email to their counsel:

Kaylin Oldham Cook
McCarter & English
10 E Main Street
Suite 200
Carmel, IN 46032
317-810-5495 (tel)
Email: kcook@mccarter.com

Vanessa Roberts Avery
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103
860-275-6700 (tel)
Email: vavery@mccarter.com

Zachary A. Myers
10 E Main St
Ste 200
Carmel, IN 46032
317-810-5500 (tel)
Email: zmyers@mccarter.com

/s/ Justin G. Hazlett
Justin G. Hazlett