UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VOTE.ORG, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) No. 1:25-cv-01776-SEB-MJD |
| DEBRA CLEAVER, | ) ) |
| *Defendant*. | ) ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR JUDICIAL NOTICE**

Plaintiff Vote.org does not object to the motion for judicial notice filed by Defendant Debra Cleaver ("Cleaver") on November 17, 2025 [ECF Doc. 15], provided the Court takes judicial notice of all relevant documents from the subject California Superior Court proceeding, *Cleaver v. Vote.org, et al.*, 22CV016466 (the "Dismissed Employment Action") and other matters relevant to this litigation, as identified below. Relevant facts are alleged in paragraphs 56-59 of the Complaint [ECF Doc. 1]:

56. On August 18, 2022, Cleaver initiated a lawsuit against Vote.org, its individual Board members, and its General Counsel at the time of her termination.

57. On March 17, 2023, the court dismissed all but one of Cleaver's causes of action.

58. On May 9, 2023, Vote.org filed a Cross-Complaint against Cleaver, asserting claims for: (1) Breach of Fiduciary Duty; (2) Conversion; (3) Violation of Comprehensive Computer Data Access and Fraud Act; (4) Violation of Computer Fraud and Abuse Act; (5) Intentional Misrepresentation; (6) Unjust Enrichment; (7) Tortious Interference; and (8) Violation of the Unfair Competition Law.

59. Pursuant to a May 3, 2024, agreement, Cleaver voluntarily dismissed her remaining claim in a walkaway settlement. Vote.org paid nothing to Cleaver and did not admit to any wrongdoing.

Curiously, Cleaver has omitted her own complaint in the Dismissed Employment Action from her request for judicial notice here. She has also omitted the California court's March 17, 2023 decision and order dismissing all but one of the counts of her complaint in that prior case, and every individual defendant, on grounds that the individuals "have adequately shown that they are not individually liable" on the first cause of action against them and that Cleaver lacked standing or a legitimate basis to bring her remaining claims. Copies of both publicly available documents are attached, as Exhibits A and B, respectively. Vote.org requests the Court take judicial notice of these documents as well.

Vote.org has no desire to relitigate any dismissed or frivolous employment claims or those that were voluntarily withdrawn in the Dismissed Employment Action. On the contrary, as alleged in the Complaint, this case exposes Defendant's malicious, deliberate, and clandestine attacks since 2024, as well as the prior misconduct by Defendant that was only discovered after the resolution of the Dismissed Employment Action, all of which dates back to her express motivations in 2019. These violations of federal and state laws and the underlying misconduct were not, and could not have been, the subject of the Dismissed Employment Action. Vote.org intends to brief that issue in its separate memorandum of law responding to Defendant's motions to dismiss.

The rule of completeness mandates that any consideration of the Dismissed Employment Action include these additional exhibits, in addition to the Cross-Complaint by Vote.org (Exhibit C) and documentation of the parties' stipulation to dismissal with prejudice (Exhibit D). These documents proposed for judicial notice by Cleaver must be viewed by the Court in their full context for relevance to the instant action. Thus, Vote.org asks the Court to take judicial notice of all publicly available documents in the Dismissed Employment Action, from initiation to dismissal in May 2024, including the specific documents attached.

Additionally, judicial notice should be taken of the subsequent publication of Cleaver's defamatory statements, what she referred to as "hit pieces," by Politico on July 15, 2025. A copy of that article is attached as Exhibit E. There can be no reasonable dispute that these documents were published in the national press, as alleged in paragraphs 69-71 of the Complaint.[1]

Consequently, Vote.org requests that the Court take judicial notice of these additional matters of public record.

## ARGUMENT

As Cleaver has acknowledged, Federal Rule of Evidence 201(b) authorizes the Court to take judicial notice of "a fact that is not subject to reasonable dispute" because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, Rule 201(c) allows the Court to take judicial notice on its own (FRE 201(c)(1)) or upon request by a party when supplied with the necessary information (FRE 201(c)(2)). Related to Rule 201 is the rule of completeness codified at Federal Rule of Evidence 106 (*Remainder of or Related Statements*). The rule of completeness provides:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part – or any other statement – that in fairness ought to be considered at the same time.

FRE 106; see also B*outros v. Avis Rent A Car System, LLC*, 802 F.3d 918, 925 (7th Cir. 2015) (Federal Rule of Evidence "106 . . . codifies the 'rule of completeness.'").

With those principles in mind, Vote.org asks the Court to take judicial notice of the following:

---

[1] Moreover, Vote.org alleges Cleaver provided Politico with a copy of the regulatory complaint she sent to the office of the New York Attorney General. *See* ECF No. 1, at ¶ 70. Said complaint is embedded into the article attached here as Exhibit E. Therefore, judicial notice should be taken of both the article and the complaint sent to the New York Attorney General's Office.

3

- Cleaver's original complaint in the Dismissed Employment Action dated August 18, 2022 (*see Compl.* ¶ 56) (Exhibit A);

- the March 17, 2023 decision by the California Superior Court dismissing all but one of the counts of the complaint in the Dismissed Employment Action (*see Compl.* ¶ 57) (Exhibit B);

- the cross-complaint by Vote.org against Cleaver (*see Compl.* ¶ 58) (Exhibit C);

- the stipulation of withdrawal with prejudice of the one remaining claim (*see Compl.* ¶ 59) (Exhibit D); and

- the Politico article published on July 15, 2025 (*see Compl.* ¶¶ 15, 69-71) and accompanying complaint Cleaver sent to the office of the New York Attorney General (Exhibit E).

While again Vote.org has no desire to relitigate any claims resolved in the Dismissed Employment Action, the Complaint in this Court refers to the dismissed action for factual background, to educate the Court and, ultimately, the jury, and to provide relevant context for the circumstances leading up to the recent discovery of Cleaver's illegal and malicious actions.[2]

---

[2] There is no valid basis for the contrary arguments raised by Defendant in her motions to dismiss [ECF Docs. 16 and 18]. Vote.org intends to file a vigorous objection to those motions in a separate memorandum of law.

## CONCLUSION

Accordingly, the Court should take judicial notice of all relevant documents from the Dismissed Employment Action, including those attached as <u>Exhibits A</u> through <u>D</u>, and all publications of Cleaver's defamatory statements in the press, including those attached as <u>Exhibit E</u> .

Dated: December 1, 2025

Respectfully submitted,

PLAINTIFF,
VOTE.ORG

By McCARTER & ENGLISH, LLP


*/s/ Vanessa Roberts Avery*
Vanessa Roberts Avery, *pro hac vice*
Zachary A. Myers
Kaylin O. Cook

10 E. Main Street, Suite 200
Carmel, IN  46032
T: (317) 810-5510
F: (317) 602-1698
vavery@mccarter.com
zmyers@mccarter.com
kcook@mccarter.com

*Its Attorneys*

5

## Certificate of Service

I certify that on December 1, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also served on the following parties via email to their counsel:

Justin G. Hazlett
Thomas J. Flynn
Wilson Elser Moskowitz Edelman & Dickler LLP
301 Pennsylvania Parkway
Suite 210
Indianapolis, IN 46280
(317) 908-8916 (tel)
Email: justin.hazlett@welsonelser.com
Email: thomas.flynn@welsonelser.com

>  /s/ Vanessa Roberts Avery
> Vanessa Roberts Avery, *pro hac vice*
> Zachary A. Myers
> Kaylin O. Cook
>
> McCARTER & ENGLISH, LLP
> 10 E. Main Street, Suite 200
> Carmel, IN  46032
> T: (317) 810-5510
> F: (317) 602-1698
> vavery@mccarter.com
> zmyers@mccarter.com
> kcook@mccarter.com
>
> *Its Attorneys*