# EXHIBIT B

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Hayward Hall of Justice

| | |
|---|---|
| Debra Cleaver<br>　　　　Plaintiff/Petitioner(s)<br>vs.<br>Draper Richards Kaplan Foundation et al<br>　　　　Defendant/Respondent(s) | No.　　22CV016466<br><br>Date:　　03/17/2023<br>Time:　　2:00 PM<br>Dept:　　520<br>Judge:　　Julia Spain<br><br>ORDER re: Hearing on Demurrer (Name Extension) |

The demurrer of Defendants Vote.org, Rupa Balasubramanian, Andrea Hailey, Julia Rhodes Davis, Christy Remy Chin, Swati Mylavarupu, Maisha Leek, and Sarah Jackel to the Complaint of Plaintiff Debra Cleaver, pursuant to CCP § 430.10(e), is SUSTAINED IN PART WITH AND WITHOUT LEAVE TO AMEND.

The Court reviewed the Complaint filed on August 18, 2022. Plaintiff Cleaver alleges that she was improperly and unlawfully terminated as the CEO and a director of non-profit voter turnout corporation Vote.org (formerly Long Distance Voter) because she advised the board members that she intended to report their malfeasance to the Attorney General of California and the Internal Revenue Service. Vote.org is a California non-profit corporation with its headquarters in Oakland. Plaintiff was surprised and dismayed when she learned that the board of directors negotiated a generous severance package for J.L., the engineering manager for Vote.org after she told its members that she had refused to grant the requested severance for the employee who voluntarily resigned. Plaintiff also threatened to take other remedial measures to protect the corporation from legal liability including but not limited to the dismissal of all board members and the appointment of a new board. On August 22, 2019, Defendants held a hastily noticed meeting and took the following action to oust Plaintiff to protect their interests: (1) the board members voted to strip Plaintiff and her co-founder (not named) of their right to appoint directors (the bylaws gave them that authority); (2) the board members voted to give themselves authority to sign documents on behalf of Vote.org so that they could validate the improper severance agreement after the fact; and (3) the board members fired Plaintiff as the CEO and removed her as a member of the board. The actions of the board of directors were taken on August 22, 2019. Defendant Andrea Hailey was subsequently appointed as the CEO of Vote.org.

Plaintiff's Complaint includes the following Causes of Action: (1) Retaliatory Discharge in Violation of Labor Code § 1102.5; (2) Breach of Charitable Trust (Corp. Code § 5142); (3) Removal from Office and Bar from Reelection (Corp. Code § 5223); (4) Conspiracy to Commit Breach of Charitable Trust; and (5) Aiding and Abetting Breach of Charitable Trust. Although Plaintiff's attorney argues on page 7 of his amended opposition memorandum that the plaintiff needs only to allege ultimate facts and not evidentiary facts, the Complaint is filled with nothing but evidentiary facts. See Doe v. City of Los Angeles (2007) 42 Cal.4th 531, 550-552 (plaintiff should plead ultimate facts and not evidentiary facts); and C.A. v. William S. Hart Union High School Dist. (2012) 53 Cal.4th 861, 872 (same). For example, an allegation that "defendant

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Hayward Hall of Justice

drove his car immediately after having consumed a fifth of vodka" is an evidentiary fact. See Weil & Brown, Civil Procedure Before Trial [6:125] at 6-39 (Thomson Reuters/The Rutter Group 2022). An allegation that "defendant drove while under the influence of alcohol" is an ultimate fact. Plaintiff also clearly did not comply with his obligation to allege the facts supporting her claims in ordinary and concise language. See CCP § 425.10(a)(1). Plaintiff alleges so many evidentiary facts not material to her claims that the First Cause of Action does not appear until page 29. Plaintiff could and should have pled her claims in fewer than 10 pages.

The Court reminds the parties that it must accept Plaintiff's allegations as true at the pleading stage unless they are contradicted by facts that are subject to judicial notice. See Aubry v. Tri-City Hosp. Dist. (1992) 2 Cal.4th 962, 966-967. The Court, however, is not required to accept Plaintiff's contentions, deductions or conclusions of law or fact. Id.

The demurrer of Defendants Rupa Balasubramanian, Andrea Hailey, Julia Rhodes Davis, Christy Remy Chin, Swati Mylavarupu, Maisha Leek, and Sarah Jackel to Plaintiff's First Cause of Action for Retaliation in violation of Labor Code § 1102.5 is SUSTAINED WITHOUT LEAVE TO AMEND. Defendants have adequately shown that they are not individually liable on Plaintiff's whistleblower claim. See United States ex rel. Lupo v. Quality Assurance Services, Inc. (S.D. Cal. 2017) 242 F. Supp.3d 1020, 1030 (district court concluded that the California Supreme Court precluded individual liability on similar employment claims). The Court agrees with the holding in Quality Assurance Services. Plaintiff's suggestion that another district judge indicated that individual liability under Labor Code § 1102.5 has not been finally settled is noted. The Court declines to allow Plaintiff to amend the First Cause of Action against the individual defendants because any attempt to salvage the claim would be futile absent a change in the statute or case authority. See Goodman v. Kennedy (1976) 18 Cal.3d 335, 349 (plaintiff must show how she can overcome defendants' challenge if given leave to amend).

The demurrer of Defendant Vote.org to the First Cause of Action is OVERRULED. The Court should consider Plaintiff's well-pled allegations and reasonable inferences that can be drawn from those allegations. See CCP § 452. Plaintiff's allegations unquestionably support an inference of an employer-employee relationship between her and Vote.org. For example, Plaintiff alleges that Defendant terminated her as its Chief Executive Officer on August 22, 2019. The fact that Vote.org had a contract with Insperity PEO Services to handle all Human Resource functions for Vote.org and that all Vote.org employees are technically employees of Insperity does not affect the Court's analysis. The Court has seen numerous such contracts where corporations outsource the Human Resource function. No reasonable person could conclude that Vote.org was not Plaintiff's employer after reading the Complaint.

The demurrer of Defendants to the First Cause of Action based on Plaintiff's failure to plead facts that indicate she engaged in protected activity is SUSTAINED WITH LEAVE TO AMEND. Defendants correctly contend that Plaintiff must identify the state or federal statute or local, state or federal rule or regulation that Defendants violated. See Labor Code § 1102.5(c); and Edgerly v. City of Oakland (2012) 211 Cal.App.4th 1191, 1199 (modified on December 13, 2012). Plaintiff's general allegation that she believed Defendants were engaging in conduct that constituted a breach of trust or violated one or more tax laws is not adequate as a matter of law. Defendants' demurrer based on Plaintiff's failure to allege that she actual made the threatened reports to the Attorney General of California or the Internal Revenue Service is OVERRULED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Hayward Hall of Justice

Plaintiff pled sufficient facts to support a reasonable inference that Defendants believed that she "disclosed or may disclose information to a government or law enforcement agency." See Labor Code § 1102.5(b). Defendants' additional argument that Plaintiff's First Cause of Action fails because she did not report anything that Defendants already knew is also OVERRULED. Plaintiff's First Cause of Action is sufficient because she alleged that she indicated she would report Defendants' actions to the Attorney General of California or the Internal Revenue Service. The Court declines Defendants' invitation to parse the First Cause of Action into subparts for purposes of the demurrer. The Court also declines to hold that Plaintiff cannot possibly state a cause of action against Defendants because her belief that they violated the unspecified state or federal statute or local, state or federal rule or regulation was objectively unreasonable. Defendants may renew this argument after Plaintiff amends the First Cause of Action.

The demurrer of Defendants Rupa Balasubramanian, Andrea Hailey, Julia Rhodes Davis, Christy Remy Chin, Swati Mylavarupu, Maisha Leek to the Second Cause of Action for Breach of Charitable Trust, pursuant to Corp. Code § 5142, is SUSTAINED WITHOUT LEAVE TO AMEND. The Court agrees with Defendants' contention that Plaintiff, as a former employee and director, lacks standing to pursue her claim against them. See Holt v. College of Osteopathic Physicians and Surgeons (1964) 61 Cal.2d 750, 753; and Hardman v. Feinstein (1987) 195 Cal.App.3d 157, 161-162. Summers v. Colette (2019) 34 Cal.App.5th 361, 369-372, cited by Plaintiff, is distinguishable cause the plaintiff in that case was a director when she filed her action and had the requisite standing. The defendants in Summers asserted that they effectively deprived her of standing by terminating her after she filed the action. In this case, Plaintiff Cleaver was terminated on August 22, 2019, and she filed her Complaint on August 18, 2022. The Court does not need to rule on Defendants' two alternative arguments in support of their demurrer to the Second Cause of Action because Plaintiff cannot amend her allegations to show that she has standing to pursue the claim.

The demurrer of Defendants Rupa Balasubramanian, Andrea Hailey, Julia Rhodes Davis, Christy Remy Chin, Swati Mylavarupu, Maisha Leek to the Third Cause of Action entitled, "Removal from Office and Bar from Reelection (Cal. Corp. Code § 5223)," is SUSTAINED WITHOUT LEAVE TO AMEND. Plaintiff Cleaver, who was not a director of Vote.org when she filed the Complaint, lacks standing to pursue her claim. The Court does not need to rule on Defendants' two alternative arguments in support of their demurrer to the Third Cause of Action because Plaintiff cannot amend her allegations to show that she has standing to pursue the claim.

The demurrer of Defendants Rupa Balasubramanian, Andrea Hailey, Julia Rhodes Davis, Christy Remy Chin, Swati Mylavarupu, Maisha Leek to Plaintiff's Fourth Cause of Action for Conspiracy to Commit Breach of Charitable Trust is SUSTAINED WITHOUT LEAVE TO AMEND. Defendants correctly assert that they cannot be liable for conspiracy if they are able to show that the underlying tort or statutory violation fails as a matter of law. See Applied Equipment Corp. v. Litton Saudi Arabia Ltd. (1994) 7 Cal.4th 503, 511; and 1-800-Contacts, Inc. v. Steinberg (2003) 107 Cal.App.4th 568, 590.

The demurrer of Defendants Rupa Balasubramanian, Andrea Hailey, Julia Rhodes Davis, Christy Remy Chin, Swati Mylavarupu, Maisha Leek to Plaintiff's Fifth Cause of Action for Aiding and Abetting Breach of Charitable Trust is SUSTAINED WITHOUT LEAVE TO AMEND. Defendants are not liable for their alleged aiding and abetting the Breach of Charitable Trust if

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Hayward Hall of Justice

they are able to show that the underlying tort or statutory violation fails as a matter of law.

The Court did not consider the order of the Honorable Nancy Case Shaffer of the Sonoma County Superior Court on the demurrer of Defendants in Sargent v. Board of Trustees of the California State University, et al. (Case No. 255399) (June 8, 2016). Parties may not cite state court rulings except in certain limited situations because they have no precedential value. See Harrott v. County of Kings (2001) 25 Cal.4th 1138, 1148. The Court also did not consider the seven (7) state court rulings attached to Defendants' Amended Request for Judicial Notice.

The Court will prepare the order and mail copies to the parties. Defendants shall file and serve the notice of entry of order within seven (7) days of the date shown on the clerk's certificate of mailing. Plaintiff shall file and serve her First Amended Complaint within fifteen (15) days of the date of service of the notice of entry of order. Plaintiff may not include in the First Amended Complaint any causes of action that are not set forth in the original Complaint. See Patrick v. Alacer Corp. (2008) 167 Cal.App.4th 995, 1015; People ex rel. Dept. Public Works v. Clausen (1967) 248 Cal.App.2d 770, 784-785; and Phoenix of Hartford Ins. Co. v. Colony Kitchens (1976) 57 Cal.App.3d 140, 146-147. If Plaintiff wishes to add new parties or claims to the case, she must file a motion for leave to amend in accordance with the procedures set forth in CCP § 473(a)(1) and Rule of Court 3.1324

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

Dated: 03/17/2023

*[signature]*

Julia Spain / Judge

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | FILED<br>Superior Court of California<br>County of Alameda<br>03/21/2023<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: D. Labrecque, Deputy |
| PLAINTIFF/PETITIONER:<br>Debra Cleaver | |
| DEFENDANT/RESPONDENT:<br>Draper Richards Kaplan Foundation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV016466 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Hayward, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Ben P Ammerman
Fisher & Phillips LLP
2050 Main Street, Suite 1000
Irvine, CA 92614

Cheryl Denise Orr
Drinker Biddle & Reath LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111

DAVID G. MOLINARI
Freeman Mathis & Gary LLP
225 Broadway, Suite 1460
San Diego, CA 92101

Debra Cleaver
1270 Grove Street
#103
San Francisco, CA 94117

Kathleen Carter
Messner Reeves LLP
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626

Kathleen Jay Carter
Messner Reeves LLP
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626

Philip Andonian
CalebAndonian PLLC
1100 H Street, N.W.
Suite 315
Washington, DC 20005

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/21/2023    By:

D. Labrecque, Deputy Clerk

CERTIFICATE OF MAILING

| SHORT TITLE: CLEAVER vs DRAPER RICHARDS KAPLAN FOUNDATION, et al. | CASE NUMBER: 22CV016466 |
|---|---|

**ADDITIONAL PAGE – CERTIFICATE OF MAILING**     Page **2** of **2**