UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VOTE.ORG, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) No. 1:25-cv-01776-SEB-MJD |
| DEBRA CLEAVER, | ) ) |
| *Defendant*. | ) ) ) |

## CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

    A.    Plaintiff:    Vote.org
                               4096 Piedmont Ave, 368
                               Oakland, CA 94611

              Defendant:    Debra Cleaver

    B.    Attorneys
           for Plaintiff:    Zachary A. Myers
                               Kaylin O. Cook
                               McCARTER & ENGLISH, LLP
                               10 E. Main Street, Suite 200
                               Carmel, IN  46032
                               T: (317) 810-5510
                               F: (317) 602-1698
                               zmyers@mccarter.com
                               kcook@mccarter.com

                               Vanessa Roberts Avery
                               McCARTER & ENGLISH, LLP
                               185 Asylum Street
                               Hartford, CT 06103
                               T: (860) 275-6718
                               F: (317) 602-1689
                               vavery@mccarter.com

      Attorney
      for Defendant: Justin G. Hazlett
           Thomas J. Flynn
           Wilson Elser Moskowitz Edelman & Dicker LLP
           301 Pennsylvania Parkway, Suite 210
           Indianapolis, IN 46280
           T: 317.908.8916
           F: 317.660.2357
           justin.hazlett@wilsonelser.com
           thomas.flynn@wilsonelser.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**  **Jurisdiction and Statement of Claims**

  A.  <u>Subject matter jurisdiction</u>: Plaintiff asserts that this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a) because Plaintiff's claims present well pleaded federal questions arising under the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's claims arising under Indiana law pursuant to 28 U.S.C. §§ 1338(b) and 1367 because those claims are joined with substantial and related claims under the Lanham Act, and are so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

    Defendant asserts that this Court has neither subject matter jurisdiction nor personal jurisdiction over this action. Defendant asserts Plaintiff's sole basis for subject matter jurisdiction is Plaintiff's alleged Lanham Act claims. Defendant asserts Plaintiff fails to state a claim under the Lanham Act for the reasons set forth in Defendant's Motion to Dismiss Under F.R.C.P. 12(b)(2) and 12(b)(6) [Dkt. 16] and supporting Brief [Dkt. 17]. Defendant asserts that this Court does not have personal jurisdiction over Defendant for the reasons set forth in that same motion and supporting Brief. Defendant also asserts that venue in this District is improper for the reasons set forth in Defendant's Motion to Dismiss for Improper Venue Under F.R.C.P. 12(b)(3) [Dkt. 18] and supporting Brief [Dkt. 19].

  B.  <u>Plaintiff's claims</u>: This is an action for injunctive relief and damages for defamation, trademark infringement, false association/endorsement, tortious interference, unfair competition, and conversion, inter alia, arising under the federal Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"), and Indiana law, including Indiana's Crime Victims Relief Act, Ind. Code § 34-24-3-1. Defendant Debra Cleaver has pursued a personal vendetta against Plaintiff Vote.org and its leadership for six years, ever since she was unanimously replaced by Vote.org's Board of Directors in 2019. Cleaver has conducted an illegal smear campaign to damage Vote.org's reputation and the reputation of its CEO, and to otherwise interfere with Vote.org's fundraising, business relationships, and development. Cleaver has acted upon her specific intention to damage Vote.org and its leadership by placing negative and defamatory stories, what she referred to as "hit pieces," in the press to "ruin" Vote.org's reputation. She has also impersonated Vote.org and its CEO in an effort

to siphon funding and other support away from Vote.org to herself and a new entity that she created. There is no reason to believe Cleaver will ever stop—short of injunctive relief and legal accountability.

    C.    <u>Defendant's claims or defenses</u>: Defendant denies defaming, interfering with, or otherwise harming Vote.org and Defendant denies engaging in any conduct giving rise to any claim for relief Vote.org asserts in this action. Defendant has moved to dismiss this action under Fed. R. Civ. P. 12(b) (2) and (6) asserting that Vote.org has failed to state a claim under any of its Counts 1 through 10. Defendant has also moved to dismiss this action under Fed. R. Civ. P. 12(b)(3) asserting that venue in this Southern District of Indiana is improper and Plaintiff's action should thus be dismissed or transferred from this District.

### III.    Pretrial Pleadings and Disclosures

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 8, 2026**.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before **January 15, 2026**.

    C.    Defendant shall file preliminary witness and exhibit lists on or before **January 22, 2026**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 9, 2026**.
For the reasons set forth in Section VI below, Defendant believes the presumptive deadline established under the Southern District's Uniform Case Management Order (proposed here by Plaintiff) should be extended by 6 months.

    E.    Plaintiff shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **February 9, 2026**. Defendant(s) shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 8, 2026**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant shall make Defendant's expert disclosure on or before **October 8, 2026**.
For the reasons set forth in Section VI below, Defendant believes the presumptive deadlines established under the Southern District's Uniform Case Management Order (proposed here by Plaintiff) should be extended by 6 months.

    G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by

3

  that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **November 2, 2026**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.
For the reasons set forth in Section VI below, Defendant believes the presumptive deadline established under the Southern District's Uniform Case Management Order (proposed here by Plaintiff) should be extended by 6 months.

I.  All parties shall file and serve their final witness and exhibit lists on or before **November 9, 2026**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.
For the reasons set forth in Section VI below, Defendant believes the presumptive deadline established under the Southern District's Uniform Case Management Order (proposed here by Plaintiff) should be extended by 6 months.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  <u>Discovery of electronically stored information ("ESI")</u>. The parties expect a substantial volume of ESI to be produced in this case. The parties anticipate that the ESI to be produced involves electronically-stored communications (between the parties, among party representatives, or with third parties). The parties agree that such ESI shall be produced with metadata in a format compatible with reasonable document review and litigation management software. The parties may request data to be produced in PDF or TIFF format (with Microsoft Excel documents produced in native format) with load files that contains metadata such as author, recipient, date, subject, etc. The parties continue to consult regarding ESI and are working to complete a proposed ESI supplement for the Court's consideration and approval. The parties agree to adopt the following claw back provision:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the

document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Dispositive motions:

Vote.org expects to file a motion for summary judgment following discovery. Vote.org believes the undisputed facts will demonstrate that Vote.org is entitled to prevail as a matter of law under the Lanham Act and Indiana law because Cleaver has acted with willfulness and/or a reckless disregard in her communications regarding Vote.org, unauthorized use of Vote.org's trademarks, and interference with Vote.org's various relationships, among other ways alleged in the Complaint.

Defendant Cleaver expects to file a motion for summary judgment following discovery. Cleaver believes the undisputed facts will demonstrate that Vote.org is entitled to take nothing under any of its claims because Cleaver has not engaged in conduct violating any of Vote.org's rights under the Lanham Act or Indiana law, has

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

not defamed, interfered with, or otherwise harmed Vote.org, and has not otherwise engaged in any conduct supporting Vote.org's claims against her.

B. On or before **July 15, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

The parties agree that dispositive motions are likely in this action, but disagree on the appropriate Track for those motions. The parties thus propose the Track each believes appropriate as follows:

(as proposed by Plaintiff) ___X___ **Track 2:** Dispositive motions are expected and shall be filed by **September 8, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **July 8, 2026**; expert witness discovery and discovery relating to damages shall be completed by **December 8, 2026**. All remaining discovery shall be completed by no later than **January 8, 2027**.

(as proposed by Defendant) ___X___ **Track 3, adjusted:** Dispositive motions shall be filed by **April 8, 2027**; non-expert discovery shall be completed by **March 8, 2027**; expert witness discovery shall be completed by **February 8, 2027**. All remaining discovery shall be completed by no later than **May 8, 2027.**

Defendant believes Track 3, adjusted from the Uniform Case Management Plan's presumptive dispositive motion filing deadline, is appropriate in this case because Plaintiff alleges that Defendant made multiple statements and engaged in multiple acts Plaintiff asserts constitute multiple violations of federal and state law. Moreover, under Indiana law Defendant may assert as a complete defense to Plaintiff's Count 1 defamation claim that the statements Plaintiff asserts have been made about it are true or are opinion and thus not actionable. Defendant will bear the burden of proving the truth of these statements. Defendant anticipates that proving the truth of these statements will entail at least (1) first ascertaining through discovery the precise statements Plaintiff asserts have been made, then (2) significant discovery into matters including Plaintiff's fundraising efforts, Plaintiff's expenditures, Plaintiff's executive compensation, and other matters that Plaintiff has put at issue under Count 1. Moreover, under Indiana law certain of Plaintiff's tortious interference claims under Count 4 (tortious interference with contract), Count 5 (tortious interference with business relationships), and Count 6 (unfair competition) are subject to the same discovery as will be required for Count 1.
For these reasons, and for the reasons set forth in Section VI below, Defendant respectfully asks the Court to adopt Defendant's proposed deadlines to accommodate the discovery Defendant believes will be necessary in this case.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in May 2026.**

VI. **Trial Date**

Plaintiff proposes a trial date in **March 2027**. The trial is by jury and is anticipated to take 15 days.

Defendant proposes a September 1, 2027 trial readiness date. Defendant's counsel believes that a longer track for those case deadlines specifically identified above is appropriate and should be ordered by the Court for the following reasons:

(1) Defendant has moved to dismiss Plaintiff's civil action under Federal Rules of Civil Procedure 12(b)(2) and (6) and 12(b)(3). Defendant's counsel anticipates briefing and consideration of these motions will not conclude, and so the pleadings in this action will not close, until sometime in or after January 2027. Defendant's counsel thus believes measuring the dates from this case's Anchor Date (September 8, 2025) is unrealistic, especially given the circumstances of this case, as elaborated upon next.

(2) Plaintiff has alleged its claims against Defendant in ten counts, including Federal Lanham Act claims (Counts 2 and 3) and State law claims (Counts 1 and 4 – 10). If Defendant's motions to dismiss are unsuccessful, Defendant anticipates that each of these claims will involve significant discovery. Considering Plaintiff's Count 1 alone (State law defamation), Plaintiff alleges multiple instances of alleged defamatory statements. Defendant's defense against Count 1 alone will require discovery to first determine the precise statements Plaintiff alleges Defendant has made that are allegedly defamatory and then discovery into facts Defendant believes will establish either (1) the truth of the statements or (2) that the statements are appropriately considered opinion and thus not actionable. Defendant also believes expert review and opinions will likely be necessary to help establish the truth or opinion nature of these facts.

For example, Plaintiff has alleged that Defendant has defamed it by filing complaints with state Attorneys General and the Internal Revenue Service. Plaintiff has filed what it asserts is *one* example of these complaints with Plaintiff's motion asking this Court to take judicial notice of the same (Dkt. 20-5). This document is a 28 page single-spaced document containing multiple factual allegations. Plaintiff has not identified which of the multiple allegations within this document it alleges are defamatory, but has instead articulated its claim such that Defendant must assume Plaintiff alleges all are defamatory. This document refers to facts extrinsic to it, the truth of which Defendant anticipates will be established by discovery involving, among other things: Plaintiff's fundraising practices; Plaintiff's executive compensation data and analyses; Plaintiff's expenditures related to travel, security expenditures, public relations and media expenditures, and legal expenditures; and other matters relevant to these topics. Defendant anticipates that discovery relevant to these matters will involve not only party discovery to Plaintiff, but non-party

7

discovery to and involving Plaintiff's contractors and service providers. Finally, Defendant anticipates that much of this information will require expert review, both relevant to assisting Defendant's defense based on the truth of the statements as well as relevant to establishing that some of the statements, by their nature, are imprecise, not capable of reduction to being true or false, and thus not actionable as defamatory. Defendant anticipates similar discovery burdens will be involved in defending against Plaintiff's Counts 4 and 5 (tortious interference claims), and Count 6 (unfair competition), and Counts 7 through 10 (claims under Indiana's Crime Victims Relief Act).

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties do not consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

8

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.** **Other Matters**

None.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF, | DEFENDANT, |
| VOTE.ORG | DEBRA CLEAVER |
| | |
| By McCARTER & ENGLISH, LLP | By WILSON ESLER MOSKOWITZ EDELMAN & DICKER LLP |
| | |
| */s/ Zachary A. Myers* | */s/ Justin G. Hazlett (with permission)* |
| Zachary A. Myers | Justin G. Hazlett |
| Kaylin O. Cook | Thomas J. Flynn |
| | |
| 10 E. Main Street, Suite 200 | 301 Pennsylvania Parkway, Suite 210 |
| Carmel, IN  46032 | Indianapolis, IN 46280 |
| T: (317) 810-5510 | T: (317) 908.8916 |
| F: (317) 602-1698 | F: (317) 660.2357 |
| zmyers@mccarter.com | justin.hazlett@wilsonelser.com |
| kcook@mccarter.com | thomas.flynn@wilsonelser.com |
| | |
| */s/ Vanessa Roberts Avery* | |
| Vanessa Roberts Avery | *Attorneys for Defendant* |
| 185 Asylum Street | |
| Hartford, CT 06103 | |
| T: (860) 275-6718 | |
| F: (317) 602-1689 | |
| vavery@mccarter.com | |

*Its Attorneys*

10

*************************************************************************

|  | |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPARATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPARATE ORDER |
|  | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

    Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

    **APPROVED AND SO ORDERED.**

ME1\58820206.v1
ME1\59281245.v1