**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| VOTE.ORG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01776-SEB-MJD |
| | ) | |
| DEBRA CLEAVER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY SUPPORTING DISMISSAL UNDER F.R.C.P. 12(b)(3)**

Defendant Debra Cleaver hereby submits her Reply, and states as follows:

Indiana is an improper venue for adjudication of Vote.org's civil action. Vote.org contends in its Opposition that "although Vote.org has felt the effects of Cleaver's vindictive smear campaign throughout the country, a substantial portion of Vote.org's injuries have been felt in Indiana, satisfying the venue test under Section 1391(b)." (*See* Dkt. 22-1 at 22.) This contention distorts the venue requirements described in the statutory text forming the basis for § 1391. As outlined in Cleaver's brief supporting her motion to dismiss for improper venue, § 1391 sets forth three primary criteria for assessing proper venue. Specifically, the statute directs that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

1

326975070v.1

Vote.org's contention that the harm was suffered in Indiana presents two problems. First, it directs the Court's attention to an inapposite allegation – namely, that a substantial portion of the harm was felt in Indiana. This argument is a red herring, because § 1391(b)(2) says nothing about where an injury must be felt. Rather, the statute states only that venue is proper where a substantial part of the events or omissions giving rise to the claim occurred. The difference is subtle, but apparent – the Court's relevant inquiry must focus on where a substantial portion of the *conduct* occurred, not where a substantial portion of the *harm* was felt. Second, Vote.org does not present any allegation in its Complaint for Damages alleging that a substantial portion of the harm was felt in Indiana. On the contrary, Vote.org contends in paragraph 64 of its Complaint that Ms. Cleaver "sent, or caused to be sent, an 'anonymous' letter to individuals with a 'personal or professional affiliation with the Vote.org board or its CEO'." Vote.org further states in the same paragraph that the letter was sent only to "several recipients in Indiana." Vote.org does not specify how many Indiana residents received this letter, but the implication of these statements when taken together is that many more non-Indiana residents received the letter than did Indiana residents – especially when taking into account the large size of Vote.org's organization and overall operative capacity. This means that: (1) the act of sending, or causing to be sent, the alleged letter originated outside the state of Indiana; and, (2) the majority of the people who purportedly would have been impacted by this letter reside outside the state of Indiana. These inferences alone, which are based upon the plain text of Vote.org's Complaint, are enough to rule Indiana out as a place in which a substantial part of the alleged events giving rise to this suit occurred. Given that Cleaver is a California resident, and given that the underlying conduct purportedly originated from within the state of California, it makes the most

2

326975070v.1

sense that this case should be adjudicated in a judicial district within the state of California. Accordingly, venue cannot lie under §1391(b)(1) and (2), and thus, venue in Indiana is improper.

Vote.org further argues that adjudication of this claim in Indiana is warranted due to the doctrine of convenience. However, if convenience is to be the standard for dismissal, convenience favors Cleaver's argument for dismissal, because Indiana would be an extremely inconvenient forum in this instance. Cleaver is a resident of California and a large portion of the witnesses, evidence, and other resources remain in California. There is a very tenuous causal nexus to the state of Indiana. Also, it bears noting that the prior civil action between Vote.org and Cleaver, filed in California, dealt with substantially similar claims, and Vote.org did not object to venue being improper in that instance

## CONCLUSION

Venue in Indiana is improper under 28 U.S.C. § 1391. Cleaver respectfully asks the Court to grant her motion to dismiss. Alternatively, Cleaver respectfully asks the Court to transfer this action to the U.S. District Court for the Northern District of California, under 28 U.S.C. § 1631, 28 U.S.C. § 1406(a), and/or 28 U.S.C. § 1404(a).

3

Respectfully submitted,

/s/ Thomas J. Flynn

Justin G. Hazlett
Attorney No. 22046-49
justin.hazlett@wilsonelser.com

Thomas J. Flynn
Attorney No. 35642-71
thomas.flynn@wilsonelser.com

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
301 Pennsylvania Parkway
Suite 210
Indianapolis, IN 46280
(317) 908-8916 (tel)
(317) 660-2357 (fax)

### Certificate of Service

I certify that on December 19, 2025 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also served on the following parties via email to their counsel:

Kaylin Oldham Cook
McCarter & English
10 E Main Street
Suite 200
Carmel, IN 46032
317-810-5495 (tel)
Email: kcook@mccarter.com

Zachary A. Myers
10 E Main St
Ste 200
Carmel, IN 46032
317-810-5500 (tel)
Email: zmyers@mccarter.com

Vanessa Roberts Avery
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103
860-275-6700 (tel)
Email: vavery@mccarter.com

/s/ Thomas J. Flynn

Thomas J. Flynn

4

326975070v.1