UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VOTE.ORG, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 1:25-cv-01776-SEB-MJD |
| DEBRA CLEAVER, | ) | |
| *Defendant*. | ) | |

**CASE MANAGEMENT PLAN**

**I. Parties and Representatives**

A. Plaintiff: Vote.org
4096 Piedmont Ave, 368
Oakland, CA 94611

Defendant: Debra Cleaver

B. Attorneys for Plaintiff:

Zachary A. Myers
Kaylin O. Cook
McCARTER & ENGLISH, LLP
10 E. Main Street, Suite 200
Carmel, IN 46032
T: (317) 810-5510
F: (317) 602-1698
zmyers@mccarter.com
kcook@mccarter.com

Vanessa Roberts Avery
McCARTER & ENGLISH, LLP
185 Asylum Street
Hartford, CT 06103
T: (860) 275-6718
F: (317) 602-1689
vavery@mccarter.com

Attorney
for Defendant: Justin G. Hazlett
Thomas J. Flynn
Wilson Elser Moskowitz Edelman & Dicker LLP
301 Pennsylvania Parkway, Suite 210
Indianapolis, IN 46280
T: 317.908.8916
F: 317.660.2357
justin.hazlett@wilsonelser.com
thomas.flynn@wilsonelser.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. Subject matter jurisdiction: Plaintiff asserts that this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a) because Plaintiff's claims present well pleaded federal questions arising under the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's claims arising under Indiana law pursuant to 28 U.S.C. §§ 1338(b) and 1367 because those claims are joined with substantial and related claims under the Lanham Act, and are so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

Defendant asserts that this Court has neither subject matter jurisdiction nor personal jurisdiction over this action. Defendant asserts Plaintiff's sole basis for subject matter jurisdiction is Plaintiff's alleged Lanham Act claims. Defendant asserts Plaintiff fails to state a claim under the Lanham Act for the reasons set forth in Defendant's Motion to Dismiss Under F.R.C.P. 12(b)(2) and 12(b)(6) [Dkt. 16] and supporting Brief [Dkt. 17]. Defendant asserts that this Court does not have personal jurisdiction over Defendant for the reasons set forth in that same motion and supporting Brief. Defendant also asserts that venue in this District is improper for the reasons set forth in Defendant's Motion to Dismiss for Improper Venue Under F.R.C.P. 12(b)(3) [Dkt. 18] and supporting Brief [Dkt. 19].

B. Plaintiff's claims: This is an action for injunctive relief and damages for defamation, trademark infringement, false association/endorsement, tortious interference, unfair competition, and conversion, inter alia, arising under the federal Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"), and Indiana law, including Indiana's Crime Victims Relief Act, Ind. Code § 34-24-3-1. Defendant Debra Cleaver has pursued a personal vendetta against Plaintiff Vote.org and its leadership for six years, ever since she was unanimously replaced by Vote.org's Board of Directors in 2019. Cleaver has conducted an illegal smear campaign to damage Vote.org's reputation and the reputation of its CEO, and to otherwise interfere with Vote.org's fundraising, business relationships, and development. Cleaver has acted upon her specific intention to damage Vote.org and its leadership by placing negative and defamatory stories, what she referred to as "hit pieces," in the press to "ruin"

Vote.org's reputation. She has also impersonated Vote.org and its CEO in an effort to siphon funding and other support away from Vote.org to herself and a new entity that she created. There is no reason to believe Cleaver will ever stop—short of injunctive relief and legal accountability.

C. Defendant's claims or defenses: Defendant denies defaming, interfering with, or otherwise harming Vote.org and Defendant denies engaging in any conduct giving rise to any claim for relief Vote.org asserts in this action. Defendant has moved to dismiss this action under Fed. R. Civ. P. 12(b) (2) and (6) asserting that Vote.org has failed to state a claim under any of its Counts 1 through 10. Defendant has also moved to dismiss this action under Fed. R. Civ. P. 12(b)(3) asserting that venue in this Southern District of Indiana is improper and Plaintiff's action should thus be dismissed or transferred from this District.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 20, 2026**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **January 21, 2026**.

C. Defendant shall file preliminary witness and exhibit lists on or before **January 22, 2026**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 13, 2026**.

E. Plaintiff shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **February 9, 2026**. Defendant(s) shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the proposal**. The parties are instructed to email Magistrate Judge Dinsmore a copy of the settlement demand and response thereto to MJDinsmore@insd.uscourts.gov.

F. Plaintiff shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **September 4, 2026**. Defendant shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **October 5, 2026**. Plaintiff shall disclose the name, address, and vita of any expert witness with regard to damages, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **January 8, 2027**. Defendant shall disclose the name, address, and vita of any expert witness with regard to damages, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **February 8, 2027**.

G. Omitted.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such

objections on or before **May 3, 2027**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **February 10, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**,[1] each specific document that may be offered at the trial of this matter. No individual not identified by name in the final witness list may testify at the trial of this matter. No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format. If the parties agree to produce ESI in other than its native format, and if thereafter a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced. Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced again.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

## IV. Discovery[3] and Dispositive Motions

A. Dispositive motions:

Vote.org expects to file a motion for summary judgment following discovery. Vote.org believes the undisputed facts will demonstrate that Vote.org is entitled to prevail as a matter of law under the Lanham Act and Indiana law because Cleaver has acted with willfulness and/or a reckless disregard in her communications regarding Vote.org, unauthorized use of Vote.org's trademarks, and interference with Vote.org's various relationships, among other ways alleged in the Complaint.

Defendant Cleaver expects to file a motion for summary judgment following discovery. Cleaver believes the undisputed facts will demonstrate that Vote.org is entitled to take nothing under any of its claims because Cleaver has not engaged in conduct violating any of Vote.org's rights under the Lanham Act or Indiana law, has not defamed, interfered with, or otherwise harmed Vote.org, and has not otherwise engaged in any conduct supporting Vote.org's claims against her.

B. On or before **November 18, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

C. Non-expert witness discovery and discovery relating to liability issues shall be completed by **November 13, 2026**; all remaining discovery shall be completed by no later than **April 16, 2027**.

D. Plaintiff shall file any dispositive motion on or before **December 11, 2026**; Defendant shall respond to Plaintiff's dispositive motion, and shall include any cross-dispositive motion, on or before **January 8, 2027**; Plaintiff shall respond to Defendant's cross-dispositive motion, and shall include any reply in support of Plaintiff's dispositive motion, on or before **February 5, 2027**; Defendant shall file any reply in support of its cross-dispositive motion on or before **February 19, 2027**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

[3] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The parties recommend a settlement conference in May 2026.

## VI. Trial Date

This matter will be ready for trial in or after **September, 2027**. The trial is by **jury** and is anticipated to take **15 days**.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

*******************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON __________ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____________ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _______________ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY __________________ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY____________________ ON ______________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____________________________________ AT .M., ROOM _________________. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____________________AT _________.M. COUNSEL SHALL APPEAR:<br><br>_____________ IN PERSON IN ROOM _______; OR<br><br>_____________ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (___) ___________________; OR<br><br>_____________ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) ____________________; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **December 11, 2026** |
| X | DISCOVERY SHALL BE COMPLETED BY **November 13, 2026** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED**.

Dated: 12 JAN 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.