UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VOTE.ORG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-1776-SEB-MJD |
| | ) | |
| Debra Cleaver, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DEBRA CLEAVER'S RESPONSE
TO PLAINTIFF VOTE.ORG'S MOTION
FOR ENTRY OF UNIFORM PROTECTIVE ORDER**

Defendant Debra Cleaver responds to Vote.org's Motion for Entry of Uniform Protective Order. Defendant submits this Response to express her agreement with Vote.org's proposed Uniform Protective Order, provided it incorporates the modifications proposed in paragraph 3 of this Response. Defendant submits this Response for the Court's consideration related to any discovery conference or other proceeding during which the Court considers the appropriate form of protective order to enter for this civil action. As her Response, Defendant asserts:

1.     On June 4, 2026, Vote.org filed its Motion for Entry of Uniform Protective Order [Dkt. 47] along with a proposed Uniform Protective Order [Dkt. 47-1].

2.     Defendant agrees that Vote.org's proposed Uniform Protective Order should be entered in this action, but with the following limited modifications

1

described in paragraph 3 below. These proposed modifications ensure parity in the treatment of confidential information belonging to both organizations and individuals, prevent unnecessary disclosure of sensitive non-public information, and will not impede either party's preparation for this litigation.

3.    Defendant's proposed revisions are:

3.1    Section II item (2) should be modified from "(2) information relating to the operations of for-profit entities, including VoteAmerica Action Fund" to "(2) information relating to the operations of **other** entities." Defendant seeks this modification to avoid mis-characterizing Vote America Action Fund, which is recognized by the Internal Revenue Service as a 501(c)(4) exempt organization. *See* accompanying Exhibit 1.  The United States Internal Revenue Code defines 501(c)(4) organizations as "[c]ivic leagues or organizations *not organized for profit* but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes." 26 U.S.C. § 501(c)(4)(a) (emphasis added.) Defendant also seeks this modification because the interest in maintaining the confidentiality of information relating to the operations of other entities – whether nonprofit or for-profit – has equal merit to preserving the confidentiality of Vote.org's or other nonprofits' information.

3.2    Section II item (7) should be modified from "(7) communications about specific donations to the nonprofit entities with prospective and extant donors or funders to those entities," to "(7) communications with prospective and extant donors or funders to those entities" (**striking "about specific donations to the nonprofit entities"**). Defendant seeks this modification because maintaining confidentiality only "about specific donations to the nonprofit entities" fails to protect entities' interest in maintaining the confidentiality of the content of communications with donors and funders besides just those communications about specific donations. For example, an entity could discuss operational strategy or financial condition when communicating with donors or funders, matters that are appropriately considered confidential between those parties to the communications.

3.3    Section II should be modified to add the following provisions as items 9 and 10: "**(9) communications between individual persons that were not intended by those persons to be publicly disseminated or otherwise disseminated beyond those persons (including transmissions using email, text messaging, and social media accounts); and (10) communications using media bearing private email addresses, telephone numbers, text message numbers or usernames, social media usernames, or otherwise bearing private information not intended for public dissemination beyond the persons sending or receiving the communications.**" Defendant seeks

3

this modification to provide parity in the treatment of confidential information of nonprofit and other entities such as Vote.org and confidential information of private individuals such as Defendant Cleaver. Vote.org's proposal, accepted by Defendant, protects as confidential "(1) information relating to the operations of nonprofit entities . . . ." Item (1) protects this information as confidential regardless of whether those operations were ever accompanied by indicia the operations were meant to be confidential and despite the fact that certain aspects of 501(c)(3) non-profits' operations are generally required to be disclosed to the public. (*See, e.g.*, United States Internal Revenue Service Form 990 (available at https://www.irs.gov/pub/irs-pdf/f990.pdf (last visited June 5, 2026)) and Instructions for Form 990 Return of Organization Exempt From Income Tax (available at https://www.irs.gov/pub/irs-pdf/i990.pdf (last visited June 5, 2026)), requiring 501(c)(3) organizations with gross receipts greater than or equal to $200,000 or total assets greater than or equal to $500,000 at the end of the tax year to publicly disclose information relating to their operations including revenue; expenses; program service accomplishments; compensation of officers, directors, and others; and various other operational information. *See also*, Vote.org's 2023 Form 990, available at https://www.vote.org/forms/2023_990_signed.pdf (last visited June 5, 2026).) Yet Vote.org refuses to accept Defendant's request to extend the confidentiality protections to personal communications which by their very

4

nature do bear indicia the communications were meant to remain confidential – by virtue of originally being communicated between a finite number of persons through media generally considered to be confidential such as email. Defendant's items 9 and 10 are appropriate inclusions within the scope of protected information contemplated by the proposed Protective Order.

3.4    Section V.C (2) should be modified from "(2) lists of prospective and extant donors or funders to one of the nonprofit entities identified in Section II, which are not already publicly available" to "(2) lists of prospective and extant donors or funders to one of the entities identified in Section II, which are not already publicly available" (**striking the word "nonprofit"**). Defendant seeks this modification because the interest in maintaining the confidentiality of lists of donors or funders of other entities whose information may be disclosed in this action has equal merit to preserving the confidentiality of such lists for Vote.org or other nonprofits.

3.5    Section V.C (3) should be modified from "(3) contact information for prospective and extant donors or funders to one of the nonprofit entities identified in Section II, which is not already publicly available" to "(3) contact information for prospective and extant donors or funders to one of the entities identified in Section II, which is not already publicly available" (**striking the word "nonprofit"**). Defendant seeks this modification because the interest in maintaining the confidentiality of contact information of donors or funders

of other entities whose information may be disclosed in this action has equal merit to preserving the confidentiality of that information for the donors or funders of Vote.org or other nonprofits.

4.     Defendant's proposed modifications, and the reasons for them, are consistent with those her counsel have communicated to Vote.org's counsel during the parties' attempts to negotiate an acceptable Uniform Protective Order.

5.     Neither Vote.org's nor Defendant Cleaver's preparation for this litigation will be impeded by the modifications Defendant seeks.

6.     Defendant is submitting with this Response, as Exhibit 2, her proposed Uniform Protective Order incorporating the modifications described in this Response.

For the reasons stated in this Response, Defendant respectfully asks the Court to enter its Protective Order in the form submitted as Exhibit 2 with this Response.

Respectfully submitted,

/s/ Justin G. Hazlett

Justin G. Hazlett
Attorney No. 22046-49
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
301 Pennsylvania Parkway
Suite 210
Indianapolis, IN 46280
(317) 908-8916 (tel)
(317) 660-2357 (fax)
justin.hazlett@wilsonelser.com


Thomas J. Flynn
Attorney No. 35642-71
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
301 Pennsylvania Parkway
Suite 210
Indianapolis, IN 46280
(317) 660-2358 (tel)
(317) 660-2357 (fax)
thomas.flynn@wilsonelser.com

Certificate of Service

I certify that on June 5, 2026 a copy of the foregoing document was served on Plaintiff via email to Plaintiff's counsel:


Vanessa Roberts Avery
McCarter & English, LLP
185 Asylum Street
Hartford, CT 06103
860-275-6718 (tel)
Email: vavery@mccarter.com

Zachary A. Myers
McCarter & English, LLP
10 E Main Street
Suite 200
Carmel, IN 46032
317-810-5510 (tel)
Email: zmyers@mccarter.com

Kaylin O. Cook
McCarter & English, LLP
10 E Main Street
Suite 200
Carmel, IN 46032
317-810-5510 (tel)
Email: kcook@mccarter.com

*Counsel for Plaintiffs*

/s/ Justin G. Hazlett
Justin G. Hazlett


8