**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| VOTE.ORG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:25-cv-01776-SEB-MJD |
| DEBRA CLEAVER, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR ENTRY OF UNIFORM PROTECTIVE ORDER**

Plaintiff Vote.org replies to Defendant Debra Cleaver's response and proposed modifications to its proposed Uniform Protective Order [Dkt. 48, 48-2] to agree, in part, and object, in part, as follows:

1.      Vote.org has no objection to clarifying the protections available for documents produced by VoteAmerica Action Fund and Ms. Cleaver's other known affiliated entities: VoteAmerica, VoteAmerica, LLC, and Vote America, Inc. Vote.org agrees with taking appropriate and narrowly tailored precautions to protect the trade secrets and proprietary information of these party affiliate entities and its own such corporate records, to the extent such documents are produced in discovery.

2.      Vote.org objects, however, to a broad, blanket protection regarding the operations of unknown nonparty entities and nonproprietary information of those entities, as proposed by Defendant in paragraph 3.1. The proposed scoping language in Section II, item (2) is designed to protect the parties' own proprietary information that might be responsive to discovery requests and thus produced in discovery for litigation purposes. There is no reason to believe that either party would have access to and produce as responsive in discovery the trade secrets or other proprietary information of nonparty entities nor is such an unlimited definition of protected information

reasonable. Such an occurrence is unlikely, at best. Thus, Vote.org proposes instead to list the four known entities that Ms. Cleaver is affiliated with, without reference to their nonprofit status, revising Section II, items 1 and 2, by merging them, as follows:

> "(1) information relating to the operations of the following entities whose mission is to increase voter registration, including Vote.org, VoteAmerica, VoteAmerica, LLC, VoteAmerica, Inc., and VoteAmerica Action Fund, to the extent applicable;"

3. Vote.org objects to defining broad categories of Ms. Cleaver's nonprivileged communications with nonparties as confidential, as proposed by Defendant's counsel in paragraphs 3.2 and 3.3. Doing so would impede Vote.org's preparation in this litigation by imposing unnecessary and unwarranted barriers to discovery with witnesses and potential witnesses in this case, some of whom may be the subject of deposition while others will be subjected to questioning in less formal interviews or conversations as discovery proceeds. Regular use of documents in these discovery conversations is imperative.

4. Moreover, the law provides a presumption of public access to documents and information produced in litigation. *See Benson v. City of Indianapolis*, No. 1:24-CV-00839-JPH-MJD, 2025 WL 3637013, at *1 (S.D. Ind. Dec. 15, 2025) (internal citation omitted) ("documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality").

5. The threshold that must be satisfied to seal a case—good cause—is purposefully high since "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Id.* (internal citation omitted).

6. "Moreover, simply designating information as confidential is insufficient to permit under-seal filing." *Id.* (citing *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000)).

7. The threshold for sealing has not been satisfied here. On the contrary, this case which seeks, *inter alia*, to protect voter access to the ballot, voter registration and get-out-the-vote

2

technology, and voter education resources is one in which the public has a substantial interest in access to information.

8.    Moreover, Ms. Cleaver's nonprivileged communications with third parties bear no indicia of confidentiality that would justify being shielded from public access. Plaintiff has reviewed substantial communications produced by Defendant which bear no markers of confidentiality. This is especially true when the communications demonstrate Ms. Cleaver's defamatory actions, malicious intent, tortious interference, impersonation of Vote.org representatives and employees, unauthorized use of trademarks, and other willful misconduct as alleged in the Complaint.

9.    During the past two months of efforts to negotiate an acceptable Uniform Protective Order, the parties have narrowed the category of documents originally proposed by Ms. Cleaver as "Confidential" or "Attorneys' Eyes Only." On multiple occasions, Vote.org has requested that Ms. Cleaver's counsel identify a sampling of documents for closer review and consideration for a broader category. No such set of documents has been provided by Ms. Cleaver to justify a blanket label and no broad set of communications appears to warrant one.

10.    To the extent that Ms. Cleaver relies on her assertion of "parity" between her various organizations and Vote.org, there are few nonprivileged documents that Vote.org intends to mark as Confidential in its document production. Virtually all nonprivileged documents in Vote.org's possession are subject to public disclosure. Vote.org will presume the same for Ms. Cleaver's organizations unless she demonstrates otherwise.

11.    Allowing Ms. Cleaver's overbroad designation of confidentiality, as proposed in her responsive filing, would in essence require presumptively sealing or seeking document-by-document approval for every use of the documents in discovery. That would impose an untenable and unwarranted burden here, particularly given the sheer number of communications Ms. Cleaver has had with dozens of potential witnesses.

ME1\61354737.v1

12. As this Court has previously stated, "The Court's evaluation of a proposed protective order need not be made on a document-by-document basis, if the Court is able to determine from the language of the proposed order that the parties know which category of information is legitimately confidential and that the parties are acting in good faith in deciding which documents should be protected." *See Minor v. IMC Credit Servs., LLC*, 2019 WL 13218427, at *1 (S.D. Ind. May 16, 2019).

13. Regarding paragraph 3.4 and 3.5, Vote.org agrees to extend the confidentiality protections for nonpublic donor lists and information to the four known VoteAmerica entities identified above. Vote.org objects to extending confidentiality protections to other unknown or for-profit entities, for the reasons discussed above. These protections are intended to protect the legitimate concerns of disclosing trade secrets or proprietary interests, not to protect potential collaborators in the malfeasance alleged in the complaint.

14. There is no good cause to impede Vote.org's ability to question potential witnesses about communications and other documents produced in discovery which bear no indicia of confidentiality. Nor has Ms. Cleaver offered a legitimate basis to establish such cause.

WHEREFORE, based on the foregoing and the arguments and reasoning in its original motion [Dkt. 47], Plaintiff Vote.org requests that this Court enter the revised, proposed Uniform Protective Order attached as *Exhibit B* and adopt it as an order of this Court. For convenience, a redlined "compare" version between *Exhibit B* and Defendant's proposed Protective Order [Dckt. 48-2] is attached as *Exhibit C*.

Dated: <u>June 8, 2026</u>                                      Respectfully submitted,

                                                                        VOTE.ORG
                                                                        By McCARTER & ENGLISH, LLP

                                                                        /s/ <u>*Vanessa Roberts Avery*</u>
                                                                        Zachary A. Myers
                                                                        Kaylin O. Cook

4

10 E. Main Street, Suite 200
Carmel, IN  46032
T: (317) 810-5510
F: (317) 602-1698
zmyers@mccarter.com
kcook@mccarter.com

Vanessa Roberts Avery
185 Asylum Street
Hartford, CT 06103
T: (860) 275-6718
F: (317) 602-1689
vavery@mccarter.com

Its Attorneys

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Vanessa Roberts Avery*
Vanessa Roberts Avery

6

ME1\61354737.v1